UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

JOHN CLARKE and HERKIMER REALTY             :
ONE INC.,                                                                  :
                                                                                  :
                               Plaintiffs,                           :            **REPORT AND**
                                                                                  :            **RECOMMENDATION**
                    -against-                                        :
                                                                                  :            24-cv-3546 (RPK)(PK)
DEUTSCHE BANK NATIONAL TRUST CO.,   :
                                                                                  :
                               Defendant.                        :
                                                                                  :

-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

In a complaint filed on April 8, 2024 in New York Supreme Court, Kings County, Plaintiffs

John Clarke ("Clarke") and Herkimer Realty One Inc. ("Herkimer") sought affirmative relief in the

amount of $450,000 in repairs, improvements, and modifications made to a foreclosed-upon property

based on a theory of equitable recoupment against Deutsche Bank National Trust Co. ("Defendant").

("Complaint," Dkt. 1-1.)  On May 15, 2024, Defendant removed the case to this Court.  (Dkt. 1.)

On May 28, 2024, Defendant moved to dismiss Plaintiffs' claims for failure to state a claim

pursuant to Rule 12(b)(6), insufficient service of process pursuant to Rule 12(b)(5), and failure of

Herkimer to retain counsel.  ("Motion," Dkt. 7.)

On August 15, 2024, the Court noted that Plaintiffs had failed to respond to Defendant's

Motion by the July 1, 2024 due date and directed Plaintiffs to respond by November 1, 2024, informing

Plaintiffs that if no response was filed by that date, "the Court may grant defendant's motion as

unopposed or may dismiss the case based on plaintiff's failure to prosecute."  (Aug. 15, 2024 Order.)

On November 25, 2024, Clarke moved, *pro se*, for an extension of time to respond to the

Motion.  (Dkt. 12.)  The Court granted the motion and set a new deadline of December 23, 2024 for

Plaintiffs to respond to the Motion.  (December 2, 2024 Order.)  The Court also reminded Plaintiffs

that as a corporation, Herkimer could "appear in the federal courts only through licensed counsel." (*Id.*)

Plaintiffs failed to respond to the Motion by the December 23, 2024 deadline.  Noting that Plaintiffs may not have received the Court's December 2, 2024 Order, the Court *sua sponte* extended Plaintiffs' time to respond to the Motion to February 21, 2025.  (Feb. 10, 2025 Order.)  In its Order, the Court stated, "If no opposition is filed by that date, Defendant's Motion to Dismiss is likely to be granted as unopposed."  (*Id.*)  It also stated, "The case may also be dismissed for lack of prosecution." (*Id.*)  The Court again reminded Plaintiffs that as a corporation, Herkimer could appear only through licensed counsel, and warned Herkimer that "[f]ailure to appear through counsel may result in Plaintiff's claims being dismissed."  (*Id.*)  The Court mailed copies of the Order and the public docket to Plaintiffs and directed Defendant to do so as well.  (*Id.*)

Plaintiffs did not respond.  Accordingly, on February 27, 2025, the Court ordered Plaintiffs to show cause why the Motion "should not be granted as unopposed, and why the case should not be dismissed for lack of prosecution," setting a March 7, 2025 deadline for Clarke to respond.  (Feb. 27, 2025 Order.)  The Court again warned Herkimer that failure to appear through counsel may result in its claims being dismissed, mailed a copy of the Order and of the public docket to Plaintiffs, and directed Defendant to mail the Order to Plaintiffs as well.  (*Id.*)

The March 7, 2025 deadline has passed and Plaintiffs have not responded.  No counsel has entered an appearance for either Plaintiff.

The Motion has been referred to me for a report and recommendation.  (October 1, 2024 Order.)  For the reasons stated below, I respectfully recommend that the Motion be granted. Alternatively, I recommend *sua sponte* that the case be dismissed for failure to prosecute.

## DISCUSSION

### I.    Motion to Dismiss

Defendant moves to dismiss Plaintiffs' Complaint in its entirety for failure to state a claim

pursuant to Rule 12(b)(6), insufficient service of process pursuant to Rule 12(b)(5), and the failure of

Herkimer to retain counsel. Plaintiffs have not opposed the Motion, and the Court may grant the

Motion as unopposed. Nonetheless, I consider whether Defendant's arguments regarding service of

process and failure of the corporate Plaintiff to retain counsel provide additional grounds for granting

the Motion.

### A.  Service of Process

Regarding its insufficient service of process argument, Defendant contends that service via

certified mail is not an adequate method of effectuating service under the applicable federal and state

rules.

Rule 12(b)(5) "authorizes dismissal of a complaint for insufficient service of process upon

motion by a defendant made prior to the defendant's filing an answer." *Forte v. Lutheran Augustana

Extended Care & Rehab. Ctr.*, No. 9-CV-2358, 2009 WL 4722325, at *2 (E.D.N.Y. Dec. 9, 2009). In

deciding a Rule 12(b)(5) motion, "[a] court looks to materials outside of the pleadings in determining

whether service of process has been insufficient." *Keller v. Star Nissan, Inc.*, No. 07-CV-4551, 2009 WL

4281038, at *4 (E.D.N.Y. Nov. 30, 2009). Moreover, once "a defendant moves to dismiss under Rule

12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d

732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)); *see also

Hertzner v. U.S. Postal Serv.*, No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007) ("When

a defendant makes a Rule 12(b)(5) motion, it is the plaintiff's burden of proof to establish its service

of process was adequate"); *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 595 (E.D.N.Y. 2013).

Plaintiffs have not opposed Defendant's Rule 12(b)(5) motion to dismiss and have not satisfied their burden of establishing adequate service of process.

In ruling on a Rule 12(b)(5) motion, a court "must look to Rule 4, which governs the content, issuance, and service of a summons" in federal court. *DeLuca v. AccessIT Grp., Inc.*, 695 F.Supp.2d 54, 64 (S.D.N.Y. 2010). Under Rule 4, a plaintiff may request a waiver of service from a defendant pursuant to Rule 4(d). Absent a waiver, a plaintiff must properly serve the Summons and Complaint upon the defendant in one of two ways authorized by the Federal Rules; either by serving the defendant via the process outlined in Rule 4(h)(1)(B) or by serving the defendant pursuant to state law in the jurisdiction where the district court is located or where service is made pursuant to Rule 4(h)(1)(A). *Jordan*, 928 F. Supp. 2d at 595.

Rule 4(h)(1)(B) states that a plaintiff may effectuate service upon a corporate defendant by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Notably, however, "nothing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process." *Saregama India, Ltd. v. Mosley*, Nos. 12-MC-45-P1, 11-MC-84-P1, 2012 WL 955520, at *2 (S.D.N.Y. Mar. 20, 2012); *see also Amnay v. Del Labs*, 117 F.Supp.2d 283, 286-87 (E.D.N.Y. 2000) ("Fed.R.Civ.P. 4(h) . . . [does not] authorize[ ] service on corporations via mail"); *Jordan*, 928 F. Supp. 2d at 595-96. Accordingly, Plaintiffs' attempt to serve the Summons and Complaint upon Defendant via certified mail is insufficient under Rule 4(h)(1)(B).

Rule 4(h)(1)(A) provides that a plaintiff may serve a defendant by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. The Court must therefore determine whether Plaintiffs properly served Defendant under the laws of either New York, the state in which this Court is located,

4

or Florida, the state to which Plaintiffs mailed a copy of the Complaint in attempting to effectuate

service.

Under New York state law, plaintiffs may serve corporate defendants by delivering a copy of

the summons and complaint personally to

> (i) any member of the limited liability company in this state, if the management of the limited
> liability company is vested in its members, (ii) any manager of the limited liability company in
> this state, if the management of the limited liability company is vested in one or more
> managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any
> other person designated by the limited liability company to receive process, in the manner
> provided by law for service of a summons as if such person was a defendant.

N.Y. C.P.L.R. § 311-a (McKinney 1999); *see also Jordan*, 928 F. Supp. 2d at 596. Plaintiffs did not

comply with this method of service. As with Rule 4(h)(1)(B), New York state law does not authorize

service on a corporation or limited liability company via mail.

"Under Florida law, service by mail—or certified mail—is generally insufficient." *Patterson v.
Meredith Corp.*, No. 6:18-CV-467-37 (GJK), 2018 WL 3860164, at *2 (M.D. Fla. June 29, 2018). While

a corporation may consent to service by mail under Florida law if a defendant consents and waives

personal service, there is no suggestion that Plaintiffs sought or obtained Defendant's consent to waive

service here. *See id.; Lau v. Fauci*, No. 22-CV-436 (BKS)(DJS), 2023 WL 3181887, at *4 (N.D.N.Y.

May 1, 2023).

Because Plaintiffs did not request a waiver of service and have failed to effect proper service

under either method set forth under the Federal Rules, I respectfully recommend that the Motion be

granted due to insufficient service of process.

### B. *Failure of Corporate Plaintiff Herkimer to Retain Counsel*

Defendant also argues that any claims asserted on behalf of Herkimer should be dismissed

because corporations cannot proceed before this Court *pro se*. Defendant is correct that corporations

may appear in the federal courts only through licensed counsel. *See Rowland v. California Mens Colony*,

506 U.S. 194, 201-02 (1993).  Herkimer was twice warned that failure to appear through counsel may result in Herkimer's claims being dismissed, but has nonetheless failed to retain counsel.

Because Herkimer has failed to retain counsel despite the Court warning Herkimer that its claims may be dismissed if it did not do so, I respectfully recommend that Herkimer's claims be dismissed.

Since I recommend granting the Motion, I respectfully decline to analyze Defendant's argument pursuant to 12(b)(6) that Plaintiffs failed to state a claim in the Complaint.

## II.    Failure to Prosecute

Pursuant to Federal Rule of Civil Procedure 41(b), "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Even without a motion to dismiss from the defendant, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When a district court contemplates a dismissal under Rule 41(b), it must consider the following factors, none of which is dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether plaintiff was on notice that failure to comply would result
> in dismissal, (3) whether the defendants are likely to be prejudiced by
> further delay in the proceedings, (4) a balancing of the court's interest
> in managing its docket with the plaintiff's interest in receiving a fair
> chance to be heard, and (5) whether the judge has adequately considered
> a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  Courts have dismissed cases for failure to prosecute, where, for example, the plaintiff took no action for approximately a year or more or failed to comply with court directives. *See, e.g.*, *Lopez v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 489, 492 (W.D.N.Y. 2015) (finding dismissal appropriate where the plaintiff had not taken any action in just under a year); *Yulle v. Barkley*, No. 05-CV-0802 (LEK)(DEP), 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) ("Dismissal of an action is warranted when a litigant

. . . fails to comply with legitimate court directives"); *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG)(MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016)), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016) (dismissing where plaintiffs "have not filed any documents or taken any action indicating any interest in pursuing [their] claims"); *Robinson v. Sposato*, No. 13-CV-3334 (JFB)(WDW), 2014 WL 1699001, at *2 (E.D.N.Y. April 24, 2014) (dismissing where plaintiff failed to "timely file a new complaint, as directed by the Court, or otherwise communicate[ ] with the Court").

Plaintiffs have not actively prosecuted this case since it was removed to this Court in May 2024. The Court has now entered multiple orders—on December 2, 2024, February 10, 2025, and February 27, 2025—to which Plaintiffs have not responded. Although Clarke appeared *pro se* to request an extension of time to respond to Defendant's Motion on November 25, 2024 (Dkt. 12), Plaintiffs did not file any response by either of the new deadlines set by the Court (Dec. 2, 2024 Order). (Feb. 10, 2025 Order.) The Court has also made multiple mailings to Plaintiffs, informing them of the Court-ordered deadlines and warning them of possible dismissal if they failed to respond.[1] (*Id.*; Feb. 27, 2025 Order.) Despite these notifications, including clear warnings that failure to respond would result in the case being dismissed, Plaintiffs have been wholly unresponsive.

Prejudice against Defendant is presumed in light of Plaintiffs' failure to move the case forward in the nearly ten months since the case was removed to this Court on May 15, 2024. *Kenny*, 2011 WL 613346, at *3 ("because plaintiff has a duty of due diligence to move his case forward, and has failed to do so, prejudice to the defendants may be presumed") (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

---

[1] In his motion for extension of time, Clarke stated that he only became aware that the case had been removed to this Court on November 20, 2024. (Dkt. 12.) However, he did not state that his address had changed, nor did he provide the Court with any updated contact information. All mailings from the Court to Plaintiffs have been made to the address provided by Plaintiffs on their Summons filed in Kings County Supreme Court on April 8, 2024. (*See* Dkt. 1-1.)

Balancing the Court's interest in managing its docket against Plaintiff's interest in a fair chance to be heard also weighs in favor of dismissal. In addition, I have considered whether lesser sanctions would be effective in addressing Plaintiff's inaction at this stage of the case; in light of all the opportunities the Court has given Plaintiff to pursue this case, I find none.

Accordingly, I find that all five factors weigh in favor of dismissal under Rule 41(b) and recommend that the case be dismissed for failure to prosecute.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the case be dismissed without prejudice.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:    March 14, 2025
          Brooklyn, New York